JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 27 1987

PATRICIA D. ......

DOCKET NO. 710

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION PANEL

IN RE SPENDTHRIFT FARM, INC., SECURITIES LITIGATION (NO. II)

Richard D. Schultz v. Leslie Combs, II, et al.,
S.D. Ohio, C.A. No. C2-87-860

TRANSFER ORDER*

Presently before the Panel is a motion, pursuant to Rule 9, R.P.J.P.M.L., 89 F.R.D. 273, 278-79 (1981), by plaintiff in the above-captioned action (Schultz) to vacate the Panel's order conditionally transferring Schultz to the Northern District of California for inclusion in the centralized pretrial proceedings occurring there before the Honorable Charles A. Legge. Nine defendants in Schultz have responded in support of transfer.

On the basis of the papers filed,[1] the Panel finds that Schultz involves common questions of fact with actions in this litigation previously centralized in the Northern District of California, and that transfer of Schultz to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of Schultz is appropriate for reasons expressed by the Panel in its original opinion directing centralization in this docket. See In re Spendthrift Farm, Inc., Securities Litigation (No. II), MDL-710 (J.P.M.L., filed December 12, 1986) (unpublished order).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled Richard D. Schultz v. Leslie Combs, II, et al., S.D. Ohio, C.A. No. C2-87-860, be, and the same hereby is, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles A. Legge for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

Robert H. Schnacke
Acting Chairman

---

*Judge Andrew A. Caffrey took no part in the decision of this matter.

[1] The parties to Schultz waived oral argument and, accordingly, the question of transfer of the action under Section 1407 was submitted on the briefs. See Rule 14, R.P.J.P.M.L., 89 F.R.D. 273, 283-284 (1981).

JUDICIAL PANEL
MULTIDISTRICT LITIGATION
FILED

DEC 12 1986

PATRICIA D. HOWE
CLERK OF THE PANEL

DOCKET NO. 710

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SPENDTHRIFT FARM, INC., SECURITIES LITIGATION (NO. II)

TRANSFER ORDER*

This litigation consists of eight actions pending in three districts as follows: six actions in the Northern District of California and one action each in the Southern District of Florida and the Southern District of Ohio. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by Leslie Combs, II, and his son, Brownell Combs, II (both named as defendants in all actions), seeking centralization in the Northern District of California for coordinated or consolidated pretrial proceedings. No responding party opposes centralization.

On the basis of the papers filed and the hearing held, the Panel finds that these eight actions involve common questions of fact and that centralization under 28 U.S.C. §1407 in the Northern District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions contain allegations of violations of federal securities and racketeering laws in connection with the sale of stock in Spendthrift Farm, Inc., during a 1983 private placement. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of California is the preferable transferee forum for this litigation because: i) the first-filed action was brought there; ii) six of the eight actions are already pending there; and iii) witnesses and records of a stock brokerage firm named as a defendant in the Ohio action and in four of the California actions will be found in California.

Movants have requested that the Panel stay the effectiveness of transfer of the Ohio action in this docket in order to enhance the likelihood that currently ongoing settlement negotiations can be concluded in settlement and dismissal of the Ohio action. On the basis of movants' representations that settlement of the action is imminent and that transfer may impede settlement, the Panel will grant the request.

---

\*   Judge Louis H. Pollak took no part in the decision of this matter.

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in other than the Northern District of California be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles A. Legge for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

IT IS FURTHER ORDERED that transfer of the Ohio action listed on the attached Schedule A shall be stayed until January 5, 1986, at which time, if the action is still pending, the stay shall be lifted and this action shall be transferred to the Northern District of California for inclusion in the Section 1407 proceedings ordered in this docket.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-710 -- In Re Spendthrift Farm, Inc., Securities Litigation
       (No. II)</u>

<u>Southern District of Florida</u>

<u>Blas R. Casares v. Spendthrift Farm, Inc., et al.</u>, C.A. No. 86-1679

<u>Southern District of Ohio</u>

<u>Hamilton Partners, et al. v. Leslie Combs, II, et al.</u>, C.A. No. C-1-86-0527

<u>Northern District of California</u>

<u>George E. Layman, et al. v. Brownell Combs, II, et al.</u>, C.A. No. C-86-1692
<u>Robert D. Stratmore v. Leslie Combs, II, et al.</u>, C.A. No. C-86-0379
<u>Frederick L. Fredericks v. Brownell Combs, II, et al.</u>, C.A. No. C-86-3829
<u>John F. McGonigle, et al. v. Leslie Combs, II, et al.</u>, C.A. No. C-86-4129
<u>H. James Griggs v. Brownell Combs, II, et al.</u>, C.A. No. C-86-3474
<u>Zenya Yoshida, d/b/a Shadai Farm v. Brownell Combs, II, et al.</u>, C.A. No. C-86-3673